IN THE UNITED STATES DISCRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID E. NEELY. ) | |
|     Plaintiff. ) | |
| ) | |
| COOK COUNTY OF ILLINOIS, ) | |
| A Governmental Municipality ) | NO. 1:25-cv_06880 |
| ALEX FELTES, individually and as Assistant ) | JUDGE: |
| Cook County State's Attorney; ) | MAGISTRATE JUDGE: |
| RACHEL BARBAT, individually and as ) | |
| Assistant Cook County State's Attorney; ) | Amount Claimed:$20,000,000.00 |
| CITY OF CHICAGO, A Government ) | |
| Municipality, and ALONZO E. ROBERTS JR ) | |
| Star 4897) individually and as a Chicago ) | |
| Police Officer, ) | Compensatory and Punitive Damages |
| LOGAN AUTO COLLISION, an Illinois. ) | |
| Corporation ) | |
| MARIJA JACKSON MOORE. ) | |
| ) | **JURY TRIAL DEMANDED** |

**<u>FIRST AMENDED COMPLAINT FOR UNREASONABLE SEIZURE PURSUANT TO LEGAL PROCESS IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 ("SECTION 1983") AS APPLIED TO THE STATES THROUGH THE FOURTHEETH AMENDMENT OF THE UNITED STATES CONSTITUTION</u>**

    NOW COMES PLAINTIFF, DAVID E. NEELY, by and through his attorneys, David E. Neely & Associates, and brings this Fourth Amendment claim under 42 U.S.C. § 1983 against, The County of Cook, a governmental agency and employer of Assistant Cook County States Attorneys, ALEX FELTES and RACHEL BARBAT, individually and as Assistant Cook County State's Attorneys for malicious prosecution and unreasonable seizure pursuant to legal process under color of state law in that they conspired to deprive Plaintiff's life, liberty and property without probable cause, The City of Chicago, a governmental municipality and employer of Alonzo E. Roberts Jr., a Chicago Police Officer who conspired with defendant Marija Jackson

Moore to file a false police report unsupported by probable cause against Plaintiff which lead to the deprivation of Plaintiff's life, liberty and property; and Logan Auto Collision who conspired with defendants Marija Jackson Moore and defendants Assistant States' Attorneys to manufacture a false repair estimate, all of which caused harm to Plaintiff's health, reputation and well-being, and in support thereof states:

## I. NATURE OF THE ACTION

1. This is a federal Civil Rights Action seeking money damages for conspiracy to file a false police report without probable cause leading to a deprivation of life, liberty and property and unreasonable seizure pursuant to legal process in violation of Plaintiff's Fourth Amendment right under the United States Constitution to be free from unreasonable seizure pursuant to legal process in violation of 42 U.S.C. § 1983 ("Section 1983");
2. Plaintiff also seek State claims under the theories of fraud and defamation;

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's states claims pursuant to 28 U.S.C. §1367
4. The United States Supreme in *Thompson v. Clark* (2022) confers Plaintiff the right to make a claim "under § 1983 for malicious prosecution, sometimes referred to as a claim for unreasonable seizure pursuant to legal process." *Thompson*, 596 U.S. at 42. ";
5. Venue is proper because all the claims arose in the Northern District of Illinois, Eastern Division;

## III. THE PARTIES

6. Plaintiff is a 73-year-old African male;
7. Defendant ALEX FELTES and RACHEL BARBAT are Illinois licensed attorneys employed by the County of Cook as Assistant Cook County States Attorneys;
8. Logan Auto Repair is an automotive repair shop doing business in the City of Chicago, County of Cook, State of Illinois;

9. Alonzo E. Roberts Jr. is a Chicago Police Officer and employed by the City of Chicago
10. Marija Jackson Moore is a 26-year-old African American female resident of the City of Chicago, County of Cook, State of Illinois;

## STATEMENT OF FACTS

11. Plaintiff and defendant Moore were involved in a romantic and intimate relationship from May 2023 until April 1, 2024;
12. Plaintiff ended the relationship with defendant Moore during the first week of April 2024;

13. On April 20, 2024, defendant Moore telephoned police to report damage to her vehicle:
14. During defendant Moore's verbal recorded statement she alleged that she "looked out her 3rd floor window" and "saw Plaintiff standing by her car" and when she came down to investigate she notice her car had been spray painted and she saw Plaintiff drive off in a Black Mercedes, all of which allegedly occurred in broad daylight;
15. As defendant Moore was telling her narrative to police, a man drove up in a vehicle and informed Police that he witnessed the entire incident and he gave a completely different narrative of events than defendant Moore;
16. Defendant Officer Roberts Jr. recorded the events on his camcorder as he attentively listened to the witnesses narrative of events;
17. The Witness reported that he saw a tall dark skin man in a grey jogging suit drive up in a white Jeep, parked down the street and walked up and began spray painting defendant Moore's vehicle and then walked back to his white jeep;
18. When defendant Officer Roberts Jr. asked the man why he didn't intervene, the man replied that the same guy tried to steal his car earlier and he was afraid to approach him;
19. Defendant Officer Roberts Jr. completely discarded the witness narrative of events, omitted his statements from the incident report, failed to obtain any information from the witness such as his name, address, phone number, etc omitted defendant Moore's recorded statement from the incident report that she never saw Plaintiff touch her vehicle; allowed defendant Moore to submit computer printouts of her vehicle into an official police file, advised defendant Moore that she would have to change her narrative and say she saw Plaintiff spray paint her car, which she did in a sworn signed complaint filed on April 22, 2024;

20. Officer Roberts Jr. conspired with defendant Moore to file a false police report against Plaintiff which lead to a Summons being issued requiring Plaintiff to appear in Domestic Violence Court;
21. Defendant Officer Roberts Jr. and defendant Moore had conversations that were not recorded;
22. Although the false complaint was signed by defendant Moore, it was encouraged and based upon a false police report signed by defendant Officer Roberts;
23. Defendant Roberts admitted in his report there was no damage to defendant Moore's car;
24. The Complaint was then forwarded to the Cook County State's Attorney for prosecution who argued that the Complaint was supported by probable cause because it was in fact signed by defendant Moore and supported by a police incident report;
25. Plaintiff alleges that the police misconduct caused defendant Moore to change her narrative of events which in turn was supported by the police report submitted by defendant Officer Roberts Jr. which lead to Plaintiff's prolonged prosecution;
26. Defendant Assistant Cook County Attorneys owed Plaintiff a duty to adhere to ethical standards, including the duty to disclose exculpatory evidence (evidence that could prove the defendant's innocence) to the defense;
27. Defendants breached that duty owed to Plaintiff and as a result, Plaintiff was damaged;
28. On April 22, 2024, the criminal complaint against Plaintiff was filed by the Office of the Cook County State's Attorney in the Domestic Violence Division of the Cook County Circuit Court;
29. On or about May 14, 2025, Defendant Assistant State's Attorney Rachel Barbet emailed Plaintiff a misdemeanor complaint, criminal case incident report, computer printouts of photos of a paint damaged vehicle and an offer of deferred prosecution with restitution "(to pay for the damage to the vehicle, the CW will be sending me an "estimate") and a 2 year order of protection";
    32. On or about May 27-28, 2024, Plaintiff took photographs of defendant Moore sitting in her vehicle and there was no paint damage to her vehicle;
    33. The next Court date in June 2024, Plaintiff's turned over the photos to defendant Barbet, who turned a blind eye and continued the prosecution under the pretext that she was waiting for an "estimate for the costs to repair defendant Moore's vehicle";

34. Plaintiff issued multiple subpoenas to governmental agencies to produce "Video footage from The Carter School of Excellence (5740 So. Michigan Ave., Chicago Illinois 60637) from April 20, 2024 between 10:30 a.m. and 12:00 pm covering the area of East 58th Street between Michigan Ave. & Wabash Ave.";
35. On July 29, 2024, Plaintiff received an email from Mark Penney, Lead Paralegal in the Law department, informing Plaintiff that the surveillance cameras did in fact cover the requested area but were deleted pursuant to its 30-day retention policy (Emails dated 08/05/2024 and 07/29/2024;
36. After Plaintiff complained to the Judge of the States failure or refusal to preserve critical evidence, defendant Barbet was ordered by the Court to subpoenaed surveillance footage from Carter School and any other poll-cam footage requested by Plaintiff;
37. Weeks later, defendant Barbet reported to the Court that the CPS surveillance footage had been destroyed and was no longer available;
38. In June/July 2024, Plaintiff was stopped while driving and detained by the University of Chicago Police for over an hour in order for them to serve Plaintiff with summons to appear in criminal court;
39. On July 25, 2024, a Cook County Circuit Court Judge granted Plaintiff's Supplemental Petition for an Order of Protection against defendant Moore;
40. Plaintiff filed numerous motions and supplemental motions for discovery seeking to compel discovery of the alleged repair estimates or repair bills defendant Barbet had represented to the Court she was waiting on;
41. On August 8, 2024, defendant Barbet falsely represented to the Circuit Court of Cook County that the defendant Moore had not had her car repaired and she needed time to obtain an estimate for the repair of her vehicle;
42. On August 8, 2024, defendant Barbet moved to merge defendant's Moore's false EOP Claims with her false Criminal Damage to Property claim, but recklessly failed to inform the trial judge that Plaintiff had a pending Order of Protection against defendant Moore;
43. After Plaintiff informed the judge of the competing petitions for orders of protection, the Court denied defendant Barbet's motion;
44. Defendant Assistant State's Attorney Barbet maliciously continued to prolong the prosecution of Plaintiff under the pretext that she waiting for repair estimates and bills;

45. On November 7, 2024, defendant Barbet disclosed to Plaintiff a fraudulent document titled "Preliminary Estimate" prepared by defendant Logan Auto Collision amounting to $3,871.45 dated October 10, 2024;

46. Defendant Logan Auto Collision conspired with defendant with defendant Moore and defendant Logan Auto to manufacture evidence;

47. In response, Plaintiff hired Hogan Investigative Services to determine the authenticity of the estimate for bodywork from Logan Auto Collision;

48. Plaintiff learned that an employee at Logan Auto Collision wrote the estimate but was unavailable for comment;

63. On November 12, 2024, Logan Auto Collision was served with a lawful subpoena to appear in open court on December 6, 2024 but failed to appear;

64. On February 19, 2025, Plaintiff filed a motion for rule to show cause why Logan Auto Collision should not be held in contempt for failure to appear, which was opposed by the State and never decided upon by the Court;

65. In open court, on February 21, 2025, defendant Feltes made a false, misleading and malicious misrepresentation in bad faith when the Court requested to review the Estimate;

66. Defendant Feltes falsely represented to the Court that he has no knowledge of the Origin of the Repair Estimate by Logan Auto, denied that the Repair Estimate was in the State's File, stated that the October 2024 Repair Estimate was only generated to make Plaintiff an Offer of Deferred Prosecution which was made in May 2024;

67. The State made Plaintiff no offers of deferred prosecution in October or November of 2024 and because the State receive the May 2024 photographs of defendant's Moore undamaged vehicle in June 2024 and a copy of Plaintiff's Confidential Investigative Report, Defendant knew the following statements were false: (See transcript of the proceedings dated February 21, 2025):

> *Mr. FELTES: I'm looking in my file to see if I even have that in my file, judge. I—standing here today, I don't anticipate the State using that as evidence at trial because it would be hearsay" P. 8 Ln 21,24; P.9*
> *Mr. FELTES: "Your Honor, for what it's worth, I do see my colleague's emails with the Complaining Witness regarding getting an estimate. I do believe that was for the*

*purpose of the State's previous offer of deferred pros (sic) with restitution, not for evidentiary purpose, but. P.11, Ln 13-18*

*State Makes Misrepresentation: P 13. Ln. 1-2 MR. FELTES: I can't –Your Honor, I'm not seeing a physical copy of the estimate".*

*P. 13, Ln. 1-24 Discussion between Court and ASA about the Estimate*

*P. 14, Ln 2. "MR. FELTES: I certainly don't have any as of now that I can see here in my custody";*

*P. 15, Ln 14-24; "MR. FELTES: That was the Complaining Witness photos. Judge, I spoke to my Complaining Witness who's still in the breakout room. I asked her to come back, but she indicated to me that she could not afford the repairs on the car, so she attempted self-repairs.*

*P. 15, Ln. THE COURT: Okay. So, she has not repaired the car?*

*P. 15, Ln. "MR. FELTES: She has not taken it to a shop to repair it, no.*

*P. 15, Ln. 24-P. 16, Ln 1 "THE COURT: The car hasn't been repaired"*

69. On June 2, 2025, Plaintiff appeared in open court with Counsel standing ready for trial, and, as an injury to injury, the State maliciously and recklessly offered Plaintiff a two-year order of protection, deferred prosecution and no restitution;
70. Plaintiff declined;
71. Minutes later, the case was called, and defendant Feltes moved to dismiss the case against Plaintiff and defendant Moore testified that she wanted the charges to be dismissed (See Certified Statement of Conviction/Disposition);
72. The proceedings were terminated in Plaintiff's favor, through dismissal;
73. Neither the prosecutor nor the trial judge explained why the charges and case were dropped;
74. At times defendant Barbet conspired with and directed defendant Moore to generate a repair bill to the State so the State could meet its burden of proof when she knew or should have known that investigatory directive was malicious and likely to lead to false evidence;

75. That although defendant Moore is a private citizen, defendants Police Officer Roberts Jr., the defendant state's attorneys used defendant Moore like a corrupt police officer by allowing her to change her narrative of events, to supply police with computer generated photos of her car made apart of the officer police file and relying of the false repair estimate generate by Logan Auto at the request of defendant Moore and defendant Barbet;
76. As a direct result of defendants' conduct, Plaintiff was damaged;

WHEREFORE, for all the reasons stated herein, Plaintiff moves for Judgment in his favor and against all defendants and an award of damages against each defendant individually and collectively in the amount of FIVE MILLION DOLLARS for compensatory damages and FIFTEEN MILLION DOLLARS IN PUNITIVE DAMAGES, and for all other just and proper relief.

### COUNT I.

### UNREASONABLE SEIZURE PURSUANT TO LEGAL PROCESS IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 ("SECTION 1983") AS APPLIED TO THE STATES THROUGH THE FOURTHEETH AMENDMENT AGAINST DEFENDANT ASSISTANT STATES ATTORNEYS

77. Plaintiff realleges paragraphs 1 through 76 as paragraph 77 of Count I.;
78. In Illinois specifically, the state common law tort of malicious prosecution requires the following: (1) the commencement or continuation of an original criminal or civil judicial proceeding by the defendant, (2) the termination of the proceeding in favor of the plaintiff, (3) the absence of probable cause for such proceeding, (4) the presence of malice on the part of the defendant, and (5) damages resulting to the plaintiff.
79. Defendant Officer Roberts Jr. aided and abetted and conspired with defendant Moore to file a false police report and false criminal complaint without probable cause;
80. Defendants' assistant states attorneys conspired with defendant Moore to prolong the prosecution for over a year under the pretext of waiting for a repair estimate;
81. The proceedings were terminated in Plaintiff's favor on June 2, 2025;
82. There was no probable cause to support the charges against Plaintiff;

83. As a direct and proximate cause of defendant's unlawful conduct, Plaintiff suffered a drop in business, loss of employment opportunities, public humiliation and defamation of his character, depression, weight loss, increased anxiety and illegal detention as alleged herein;

WHEREFORE, for all the reasons stated herein, Plaintiff moves for Judgment in his favor and an award of damages against each defendant individually and collectively in the amount of FIVE MILLION DOLLARS for compensatory damages and FIFTEEN MILLION DOLLARS IN PUNITIVE DAMAGES, and for all other just and proper relief.

## COUNT II.

### VIOLATION OF THE FOURTH AMENDMENT OF UNITED STATES CONSTITUTION AND SECTION 1983 BY CHICAGO POLICE OFFICER

84. Plaintiff realleges paragraphs 1 through 83 as paragraph 84 of Count II.;
85. Defendant Chicago Police Officer conspired with defendant Moore to deprive Plaintiff of rights secured by the United States Constitution
86. Plaintiff claims the right is to be free from malicious prosecution without probable cause under the Fourth Amendment,". *Albright v. Oliver*, 510 U.S. 266, 267 (1994).
87. Plaintiff also has the right to be free from a police officer steering a person in a direction that will lead to false charges and summons being issued;
88. Plaintiff's reputation, good will, and ability to earn a living has been damaged as a proximate result of defendant's actions;
89. The Chicago Police have a pattern and practice of encouraging women who make allegations against black men to file charges even when there is no probable cause to file a criminal complaint;
90. Chicago Police Officers like defendant Roberts Jr. have a pattern and practice of turning a blind eye to the truth when it comes to allegations against Black men without conducting an investigation;
91. Defendant police officer and assistant states attorneys maliciously and recklessly turned a blind eye to its constitutional duty and encouraged and aided defendant Moore in her quest to smear Plaintiff;
92. As a direct and proximate result of the above alleged conduct, Plaintiff was damaged.

WHEREFORE, for all the reasons stated herein, Plaintiff David E. Neely moves for Judgment in his favor in the amount of FIVE MILLION DOLLARS for compensatory damages and FIFTEEN MILLION DOLLARS IN PUNITIVE DAMAGES, and for all other just and proper relief.

### COUNT III.

### FRAUD AGAINST ALL DEFENDANTS

93. Plaintiff realleges paragraphs 1 through 92 as paragraph 93 of Count III.;
94. At all times, each defendant named herein engaged in deceitful conduct with the intent to deceive, or gain an unfair or illegal advantage;
95. Each defendant herein made false and misleading representations with the intent to deceive and prolong Plaintiff's prosecution;
96. The statements made by defendants were untrue
97. As a direct and proximate result of those misrepresentations, Plaintiff was person and reputation was damaged.

WHEREFORE, for all the reasons stated herein, Plaintiff David E. Neely moves for Judgment in his favor in the amount of FIVE MILLION DOLLARS for compensatory damages and FIFTEEN MILLION DOLLARS IN PUNITIVE DAMAGES, and for all other just and proper relief.

DATED: JULY 28, 2025

**Respectful Submitted,**

<u>s/David E. Neely, JD, Ph.D.</u>
**Plaintiff**
**David E. Neely & Associates**
**Attorneys At Law**
**5619 S. Wabash Ave.**
**Chicago, IL. 60637**
**31231-8241**