**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DAVID EDMUND NEELY, *et al.*,
      Plaintiffs

     v.

CITY OF CHICAGO, *et al.*,
      Defendants

No. 25 CV 6880

Judge Jeremy C. Daniel

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Neely brings this lawsuit against the County of Cook, Illinois ("Cook County"); Alex Feltes and Rachel Barbat, Assistant Cook County State's Attorneys ("ASAs"); the City of Chicago; Chicago police officer Alonzo Roberts and two unnamed Chicago police officers (collectively, the "officers"); Logan Auto Collision; and Marija Jackson Moore. (*See generally* R. 42.) Neely alleges in the second amended complaint that the defendants fabricated evidence and conspired to falsely prosecute him for criminal damage to property. (*See, e.g., id.* ¶¶ 42–43, 87.)[1] He asserts claims for unconstitutional customs or practices at the Chicago Police Department and Cook County in violation of 42 U.S.C. § 1983 (Counts I and VII),[2] malicious prosecution under Illinois law (Count II) and § 1983 (Counts IV and V), conspiracy under 42 U.S.C. § 1985 (Count III), and intentional infliction of emotional distress (Count VIII). (*Id.* ¶¶ 134–206.) The ASAs, the City of Chicago and the

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] Neely's counts are numbered as I, II, III, IV, V, VII, and VIII, and the Court adopts this nomenclature. There is no Count VI in the second amended complaint.

officers, and Cook County now move for dismissal for failure to state a claim. (*See generally* R. 49; R. 50; R. 53.) For the reasons set forth below, the moving defendants' motions to dismiss are granted.

## BACKGROUND

The following description of events underlying these claims is drawn from the second amended complaint and presumed true for the purpose of resolving these motions. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). In April 2023, Neely, a seventy-three-year-old Black man, entered a relationship with Moore, a twenty-six-year-old Black woman. (R. 42 ¶¶ 4, 8.) The relationship ended in April 2024. (*Id.* ¶ 23.) Around April 20, 2024, Moore falsely reported Neely to the Chicago Police Department for spray painting her car. (*Id.* ¶ 29.) Three Black unnamed Chicago Police officers responded to Moore's residence, where she told them that she had seen Neely standing by her car before noticing that it had been spray painted. (*Id.* ¶ 30.) At that same interaction, a witness reported that he had seen a "tall dark skin man in a grey jogging suit" spray paint Moore's car and then leave in a white Jeep, (*id.* ¶ 33); Neely, however, claims he did not drive a white Jeep, (*id.* ¶ 157). The officers disregarded this witness statement, and Officer Roberts had Moore sign a pre-typed report and criminal complaint against Neely. (*Id.* ¶¶ 37, 38.) One of the unnamed officers also directed Moore to submit photos of her vehicle to be appended to the police report. (*Id.* ¶¶ 40, 44.) Neely claims these photos were not authentic photographs and were instead computer generated. (*Id.* ¶ 45.)

In May 2024, Neely was driving through the campus of the University of Chicago with his six-year-old daughter when he was pulled over by the University of

2

Chicago Police Department. (*Id.* ¶ 61.) The police vehicle stood behind Neely for about forty-five minutes without an officer approaching Neely. (*Id.* ¶ 62.) When Neely attempted to drive off, he was again signaled to pull over. (*Id.* ¶ 63.) Officers approached his vehicle and informed Neely that he had been charged with criminal damage to property, an order of protection was issued against him, and they needed to serve him with a summons to appear in court. (*Id.* ¶ 68.) The officers also asked for his daughter's name and her relationship to him, which he refused to disclose and instead asked for a supervisor. (*Id.* ¶ 69.) After about another forty-five minutes, a supervisor arrived and served Neely with the court summons. (*Id.* ¶ 71.)

Despite being served in May 2024, Neely contends his case was delayed through November of that year while the ASAs and Moore allegedly conspired to fabricate a repair estimate of $3,871.45 from Logan Auto Collision for Moore's vehicle. (*Id.* ¶¶ 93, 96, 97, 100.) In June 2025, the criminal charges against Neely were dismissed without explanation. (*Id.* ¶ 116.) Later that month, Neely brought suit against Cook County, the ASAs, the City of Chicago, unnamed officers of the Chicago Police Department, Logan Auto Collision, and Moore. (*See generally* R. 1.) Neely filed a second amended complaint in September 2025, alleging *Monell* liability against the Chicago Police Department and Cook County under 42 U.S.C. § 1983, *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); malicious prosecution by the ASAs and Moore under § 1983 and Illinois law; conspiracy under 42 U.S.C. § 1985; and intentional infliction of emotional distress. (R. 42 ¶¶ 134–206.) The Court resolves the three

motions to dismiss in this order: Cook County's, (R. 49), the ASAs', (R. 50), and the City of Chicago and its officers', (R. 53).[3]

## LEGAL STANDARD

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## ANALYSIS

### I.    *MONELL* LIABILITY

In Counts I and VII, Neely alleges *Monell* liability against the City of Chicago and Cook County, respectively. *See Monell*, 436 U.S. 658. The City of Chicago and Cook County separately argue that Neely fails to state a claim of *Monell* liability against each of them because his allegations against them are conclusory and vague. (R. 49 at 4–7; R. 53 at 9–10.) A municipality can be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the

---

[3] Logan Auto Collision and Moore have not moved to dismiss the second amended complaint.

4

injury that the government as an entity is responsible under § 1983." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691). The plaintiffs can establish a "policy or custom" by showing:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Id.* (citing *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)).

Neely's claim against the City of Chicago charges the City as having a practice of "laziness, idleness [*sic*], inactivity, and inertia" in failing to investigate crimes and failure to train or retrain police officers. (R. 42 at 16.) These are conclusory allegations devoid of sufficient factual matter to comprise a *Monell* claim. Neely has not pled the existence of either (1) an express policy or (2) a widespread permanent or well settled practice extending beyond his own case. *See Gable*, 296 F.3d at 537.

Neely's claim against Cook County states that the County has a practice of "Deliberate, illegal, and Unethical Conduct by Prosecutors," as well as a failure to train and deliberate indifference. (R. 42 at 25.) Similar to the allegations against Cook County, these are conclusory and do not provide sufficient factual information to define an express policy or an implicit, widespread practice. *See Gable*, 296 F.3d at 537.

The Court accordingly dismisses all claims against the City of Chicago and Cook County. Because the officers are sued in their individual capacities, they are not encompassed by the dismissal for *Monell* liability.

## II.    CONSPIRACY

The officers and ASAs argue that Neely does not sufficiently plead the existence of a conspiracy under 42 U.S.C. § 1985 (Count III). (R. 50 at 4–6; R. 53 at 12–14.) "[T]o establish a prima facie case of a civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988).

The officers and ASAs both argue that Neely makes only conclusory allegations of conspiracy and does not provide enough factual matter to support a plausible conspiracy claim. The Court agrees. Neely simply states that "[t]wo or more defendants conspired with each other to the detriment of Plaintiff . . . Defendants conspired with each other for the purpose of depriving Plaintiff, either directly or indirectly of the equal protection of the laws or equal privileges and immunities under the laws." (R. 42 ¶¶ 171–72.) Neely does not name which defendants conspired with each other, nor does he identify the express or implied agreement among those parties; he offers no allegations from which one could infer a "meeting of the minds" as to the conspiracy. *See Green v. Benden*, 281 F.3d 661, 665–66 (7th Cir. 2002). This is not enough to sustain a plausible conspiracy claim. The Court accordingly dismisses Count III.

## III.    MALICIOUS PROSECUTION

In Counts II, IV, and V, Neely alleges malicious prosecution under Illinois law, the Fourteenth Amendment, and the Fourth Amendment. The ASAs first argue that

6

Count IV should be dismissed because the Seventh Circuit does not recognize malicious prosecution claims under the Fourteenth Amendment. (R. 50 at 6–7.) This is generally true, with one caveat: a plaintiff "could bring a malicious prosecution claim as a claim of a violation of the Due Process Clause if the plaintiff had no adequate state law remedy for malicious prosecution." *Sneed v. Village of Lynwood*, No. 22-cv-00266, 2022 WL 5116464, at *3 (N.D. Ill. Oct. 4, 2022) (citing *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011)); *see also Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). That is not the case here, however, because Illinois does provide a cause of action for malicious prosecution. *See Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). The Court thus dismisses Count IV as to the ASAs and the officers.

The Supreme Court has recognized a cause of action under § 1983 for malicious prosecution as a violation of the Fourth Amendment. *Thompson v. Clark*, 596 U.S. 36, 42 (2022). To state such a claim, a plaintiff must satisfy the state law elements of a claim for malicious prosecution and assert a deprivation of liberty, *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996), and allege that the malicious prosecution "resulted in [his] seizure[,]" *Thompson*, 596 U.S. at 43 n.2. And under Illinois law, a plaintiff must allege facts showing "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Beaman v. Freesmeyer*, 131 N.E.3d 488, 495 (Ill. 2019).

The officers argue that Neely's claim must fail because they had probable cause to institute a criminal charge against him. A plaintiff cannot state a malicious prosecution claim against an officer who investigates or pursues criminal charges with probable cause. *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009). "[W]hen the police have information from a reasonably credible witness that a person has committed a criminal act, they may rely on that witness's account, even when the suspect himself denies wrongdoing." *Seiser v. City of Chicago*, 762 F.3d 647, 654 (7th Cir. 2014).

Here, the complaint on its face alleges probable cause for the plaintiff's prosecution because of Moore's report to police as an eyewitness. Neely alleges that Moore and another unnamed witness made statements to the officers about Neely vandalizing her car that were false. (R. 42 ¶¶ 29–39.) The officers, without immediately knowing her statement to be false, were entitled to rely on Moore's statement to establish probable cause. It was immaterial that the officers listed "no damage" to the vehicle in their report. "A single eyewitness identification of a suspect is sufficient to create probable cause, even if the identification is questionable or police doubt its accuracy." *Brown v. City of Chicago*, 709 F. Supp. 3d 558, 569 (N.D. Ill. 2023) (citing *Moran v. Calumet City*, 54 F.4th 483, 499–500 (7th Cir. 2022)); *see also Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019). However, the presence of another witness also lends probable cause. (R. 42 ¶¶ 31–34.) Again, like with Moore, the officers were entitled to rely on the unnamed witness's statements, even if those statements were later discarded. The existence of probable cause means

that Neely fails to state a claim for malicious prosecution under both state and federal law. *Beaman*, 131 N.E.3d at 495. Accordingly, the Court dismisses Counts II and V as to the officers.

The ASAs argue that they, too, are shielded from malicious prosecution claims because they have absolute immunity against § 1983 actions for malicious prosecution for decisions made or actions taken that are "intimately associated with the judicial phase of the criminal process." *Spiegel v. Rabinovitz*, 21 F.3d 251, 256–57 (7th Cir. 1997). Neely alleges that the ASAs used a false police report to initiate baseless legal proceedings against him. (R. 42 ¶ 153.) However, like the officers, the ASAs are immune from suit under § 1983 to the extent they "act within the scope of [their] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Neely alleges that the prosecutors maliciously prosecuted him by waiting for evidence regarding Moore's car repair, (R. 42 ¶ 83), ignoring photographic evidence, (*id.* ¶ 75,) and failing to preserve video evidence that was, in the normal course of business, deleted after thirty days, (*id.* ¶ 77). These are all core prosecutorial functions involving discretion and judgment, and none of these actions goes beyond the prosecutor's role. *See Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016). To the extent Neely alleges that the ASAs fabricated evidence, such allegations are conclusory at best and do not explain how the evidence was fabricated. This is not sufficient to support a plausible claim for malicious prosecution. (*See* R. 42 ¶¶ 87–98.) The Court accordingly dismisses Counts II and V as to the ASAs.

9

Both the officers and the ASAs also argue that Neely was not seized within the meaning of the Fourth Amendment and cannot thus claim he was maliciously prosecuted. *See Thompson*, 596 U.S. at 42; (R. 50 at 7; R. 53 at 4). The Court need not reach this argument because of the dismissal on probable cause and immunity grounds.

### IV.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In addition to his federal claims, Neely brings a claim under Illinois law for intentional infliction of emotional distress in Count VIII. (R. 42 ¶¶ 202–06.) Because the Court has dismissed all federal claims in Counts I through VII, it declines to exercise supplemental jurisdiction over Count VIII. *See* 28 U.S.C. § 1367.

### V.    QUALIFIED IMMUNITY

The officers assert qualified immunity as to all claims. (R. 53 at 11–12.) Because the Court dismisses Neely's complaint in its entirety, it need not address qualified immunity at this juncture.

### CONCLUSION

The motions to dismiss of Cook County [49], the Assistant State's Attorneys [50], and the City of Chicago and the defendant police officers [53] are granted. The deadline to amend the complaint is June 18, 2026.

Date: May 26, 2026

_____
JEREMY C. DANIEL
United States District Judge